IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PATRICIA A MCCOLM,

    Plaintiff,

  v.

SAN FRANCISCO HOUSING AUTHORITY, et al.,

    Defendants.
_____/

No. C 06-07378 CW

ORDER GRANTING MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

    Plaintiff Patricia A. McColm moves for leave to file a supplemental complaint. Defendants oppose the motion. Plaintiff has not filed a reply. The matter was taken under submission. Having read all the papers submitted by the parties, the Court GRANTS the motion for leave to file a supplemental complaint.

PROCEDURAL BACKGROUND

    On November 30, 2006, Plaintiff filed her complaint in this action and on October 16, 2007, she filed her First Amended Complaint. On August 19, 2008, the Court issued a case management order in which October 21, 2008 was set as the last day for Plaintiff to add additional parties or claims, completion of fact discovery was set for January 30, 2009, the case-dispositive motion cut-off date was set for April 30, 2009 and trial was set to begin

on September 28, 2009.  On October 21, 2008, Plaintiff filed this motion in which she seeks to add one new defendant and additional allegations.  Plaintiff states that she could not file the motion sooner because of her own illness and because she is the executor of her father's estate which caused her to be involved in emergency probate matters.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(d) permits "supplemental pleadings setting forth transactions or occurrences or events that have happened since the date of the pleading sought to be supplemented."  The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as is possible.  LaSalvia v. United Dairymen of Ariz., 804 F.2d 1113, 1119 (9th Cir. 1986).  "Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings.  The rule is a tool of judicial economy and convenience."  Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988).  Public policy strongly favors allowing amendment.  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).  However, "a supplemental complaint should have some relation to the claim set forth in the original pleading," and a court may deny leave to supplement a complaint on grounds of undue delay, prejudice to the opposing party, or futility.  Id. at 474.  Futility exists where no set of facts can be proved which would state a valid claim, or where the claim would be subject to dismissal.  Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

## DISCUSSION

Defendants assert that they will be prejudiced if Plaintiff is

2

allowed to file a supplemental complaint because Plaintiff filed her motion only three months before discovery cutoff and adding a new defendant will cause delay because the new defendant will have to file a responsive pleading.  Defendants also argue that the new allegations will mean more discovery will be necessary.  Citing Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994), Defendants also argue that the motion should be denied because Plaintiff was aware of the newly named defendant and allegations at the time she filed her original pleading, but did not include them at that time. Defendants add that Plaintiff will not be prejudiced by the denial of her motion because all the same causes of action will remain in the complaint even if the party and additional facts are refused.

    Although Defendants may be correct that allowing Plaintiff to file a supplemental complaint will delay the case, Plaintiff complied with the case management order by filing her motion within the deadline given for adding new defendants or claims.  If Defendants felt that date was too close to the discovery cut off date, the time to have voiced that concern was at the case management conference.

    Kaplan is distinguishable from this case.  There, discovery was already completed, the trial date was only two months away and the plaintiff had already amended the complaint twice.  Id.  Here, discovery is three months from completion and the trial date is approximately one year in the future.  Most importantly, Plaintiff filed her motion within the deadline set in the case management order.  Furthermore, it is difficult to discern from the pleadings whether Plaintiff will be prejudiced by being foreclosed from adding the additional defendant and allegations.  Based on the

3

1 foregoing and the strong public policy in favor of allowing
2 amendment to allow a complete adjudication of the dispute between
3 the parties, the Court grants Plaintiff's motion to file her
4 supplemental complaint.

## CONCLUSION

6     For the foregoing reasons, Plaintiff's motion (Docket # 62) is
7 GRANTED.  The clerk shall file the supplemental complaint that has
8 been lodged with the Court.  Defendants need not file an answer but
9 may rest on their prior answer.  The clerk's office shall serve the
10 new Defendant as soon as possible.  A further case management
11 conference will be held on February 3, 2009 at 2:00 pm.

13     IT IS SO ORDERED.

15 Dated: 11/24/08

    CLAUDIA WILKEN
    United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

PATRICIA A MCCOLM,

        Plaintiff,

  v.

SAN FRANCISCO HOUSING et al,

        Defendant.

Case Number: CV06-07378 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 24, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Patricia A. McColm
P.O. Box 27274
San Francisco, CA 94127

Dated: November 24, 2008

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk