UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A. MCCOLM | **No. C 06-7378 CW (WDB)** |
| Plaintiff, | ORDER FOLLOWING JANUARY 7, 2009 HEARING |
| v. | |
| SAN FRANCISCO HOUSING AUTHORITY, et al. | |
| Defendants. | |

On January 7, 2009, the Court conducted a hearing in connection with defendants' Motion to Compel Plaintiff's Compliance with Rule 26 and defendant's Motion to Compel Plaintiff's Further Responses to Special Interrogatories, Set One, filed, December 2, 2008.

For the reasons stated on the record, the Court ORDERS as follows.

1. Defendants' Motions are GRANTED in part and DENIED in part.

To meet her obligations under Federal Rules of Civil Procedure 26 and 33, **by January 26, 2009**, plaintiff MUST SERVE on defense counsel a set of documents in which, SEPARATELY FOR EACH LEGAL THEORY OR CAUSE OF ACTION on which she elects to proceed in this litigation, she (1) identifies by name and, if known, by job title or position, address and phone number, each person who may have some testimony to offer that may support the legal theory or cause of action, (2) produces every document within her possession, custody, or control that may lend some support to the legal theory or cause of action, and (3) describes as specifically as possible each

act, each course of conduct, each event or occurrence (including, but not limited to, each oral or written communication), as well as each omission or failure to act or communicate, that plaintiff contends constituted or played some role in causing the violation of the rights that she contends were protected under the legal theory or cause of action.

The undersigned RECOMMENDS that District Judge Wilken prohibit plaintiff from using at trial any document currently in plaintiff's possession, custody or control that she has not provided to defendant by January 26, 2009.  The Court also RECOMMENDS that the District Judge prohibit plaintiff from offering as a witness any person about whom she reasonably should have been aware whose name plaintiff did not disclose by January 26, 2009.

2. To the extent the Protective Order previously entered by the Court does not protect documents produced by plaintiff, the Court hereby AMENDS its prior protective order to reach documents containing confidential or personal information.

3. **By Wednesday, January 14, 2009,** plaintiff must file and serve any additional motions relating to discovery that she wishes to present to the Court, including any motions to compel further discovery responses or for protective orders. At the time she files and serves any such motions, plaintiff must deliver to the Court and to defense counsel copies of any evidence or exhibits, including any audio or video recordings, that she may ask the Court to consider when ruling on any of her motions.

**By Wednesday, January 21, 2009,** defendants must file and serve their response(s), if any, to plaintiff's January 14th motion(s).

**By Monday, January 26, 2009,** plaintiff must file and serve her reply(ies), if any, to defendants' January 21st response(s).

**On Wednesday, January 28, 2009, at 2:30 p.m.**, the Court will conduct a hearing in connection with all motions filed by plaintiff on January 14th.

4. **By Wednesday, January 14, 2009,** plaintiff must file and serve her response, if any, to defendants' Motion to Compel Plaintiff's Attendance at Deposition

and for Protective Order and her response to defendants' Motion for Sanctions, filed December 23, 2008.

**By Wednesday, January 21, 2009,** defendants must file their reply(ies), if any, to plaintiff's January 14th response(s).

5. **By January 8, 2009, at 5:00 p.m.**, defendants' counsel must serve a copy of the Protective Order entered in this case on each court reporter and/or other officiant who has had access to any medium used to record plaintiff's deposition. By cover letter defendants' counsel must remind each such person of his or her obligation to abide by the terms of the Protective Order and of that person's obligation to provide plaintiff with a transcript of her deposition testimony.

6. From this date forward, plaintiff has thirty (30) days from the date she receives a copy of an installment of her deposition transcript in which to correct any errors in the transcription of her testimony.

7. The parties must meet and confer in good faith in order to attempt to resolve all discovery-related disputes before presenting those disputes to the Court.

IT IS SO ORDERED.

Dated:  January 8, 2009

                                                   WAYNE D. BRAZIL
United States Magistrate Judge

cc: parties,
CW, WDB