UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A. MCCOLM<br><br>        Plaintiff,<br><br>  v.<br><br>SAN FRANCISCO HOUSING AUTHORITY, et al.<br><br>        Defendants.<br>_____/ | **No. C 06-7378 CW (WDB)**<br><br>COURT'S RESPONSE RE DEFENDANTS' LETTER DATED MARCH 26, 2009 |

    The Court has received and considered the request from defense counsel, dated March 26, 2009, that the undersigned recuse himself "from any further proceedings in this litigation." See, attached letter to the undersigned from Curtis Ogilvie.

    Two grounds are presented to support this request.

    The first is that the Court "proceeded to unilaterally issue production demands from the bench" that constituted "nothing less than a complete re-writing of Plaintiff's defective document requests." It was and is the Court's view that the production that the Court ordered during the hearing fell well within the requests already served by the Plaintiff. The Court's purpose was to distill the many requests that called for the production of relevant documents into two clearly focused demands, and thus to make the scope of the duty clear and to reduce the transaction costs this litigation has been imposing on the parties. In issuing its rulings on the pending discovery disputes,

1  rulings which denied the vast majority of the Plaintiff's requests, the Court was
2  animated by no bias or sympathy.  It was not the Court's purpose to convert itself into
3  anyone's advocate – but to comply with Rule 1 of the Federal Rules of Civil
4  Procedure, which requires all courts to construe and administer the Rules so as "to
5  secure the just, speedy, and inexpensive determination of every action and
6  proceeding."
7      The second ground advanced by defense counsel for the requested recusal arises
8  out of the court's interjecting "direct questions to the deponent during this defense
9  examination."  Defense counsel contends that the questioning by the Court was
10 "patently improper and constituted an abuse of the Court's discretion in *overseeing*
11 the deposition." (Emphasis in original).  Defense counsel takes particular exception to
12 the Court's conduct over the last segment of the deposition – the segment in which the
13 deponent presented documents and offered testimony to support her contentions or to
14 clarify testimony she had given earlier.  In defense counsel's view, the questioning by
15 the Court constituted "a doubtless well intentioned effort to assist the plaintiff" that
16 lent "credibility to Plaintiff herself as well as her claims" and "far exceed[ed] any
17 notion of impartiality that must attend any Court involvement in the discovery
18 process."   According to defense counsel, defendants now must face "substantial . . .
19 testimonial and documentary evidence that is solely the result of the Court's *de facto*
20 representation of the Plaintiff."
21     These are serious allegations that the Court takes seriously.   The Court
22 assumes, in responding, that defense counsel is not impugning the professional
23 integrity of the Court and not suggesting that the Court in fact is biased in favor of
24 plaintiff or intentionally sought to take plaintiff's side in this matter.  The Court is
25 keenly aware, however, of the importance of appearances – and wants to do nothing
26 that creates an unintended appearance of partiality.
27     The lawyer who is currently representing defendants is relatively new to this
28 case and may not be aware of some of the relevant background facts.  In response to

discovery disputes that surfaced last fall, the Court issued an order compelling Plaintiff to appear for depositions of three hours each on four separate, specified dates in November and December.  See Order Following November 4, 2008 Hearing on Defendants' Motion to Compel, filed November 10, 2008.  In part to avoid the additional difficulties that might attend an effort by plaintiff to separately notice a deposition of herself (which she believed would be necessary to enable her to develop fairly her side of the evidentiary record), the Order of November 10, 2008, included the following provision: "After Defendants have completed their questions to Plaintiff on each of these four days, Plaintiff may then take an additional <u>30 minutes</u> to examine herself." (Emphasis in original.)   Thus, the Order of November 10th permitted Plaintiff to use four different 30 minute periods at the end of each deposition to present her testimony and documents.  That was the purpose of the additional time the Court gave Plaintiff after defense counsel concluded his three hour portion of the deposition on March 20, 2009.  The Court permitted Plaintiff to use more than 30 minutes for this purpose because Plaintiff had not already used her allotted time.

     The Court did not introduce any documents during the deposition on March 20, 2009.  Nor did the Court offer any testimony.  Instead, the Court's participation in the last stage of the deposition was designed to increase the likelihood that anyone who later reviewed the record would accurately identify the documents that plaintiff was proffering and would accurately connect her testimony with the documents she introduced.  The Court had only one purpose: clarity.  That sole purpose also animated any questions the Court posed during the earlier portions of the deposition.

     One additional note is warranted about the backdrop against which the deposition of March 20, 2009 took place.  The Court's presence was not the product of any initiative by the Court, or of any desire by the Court to so spend its time.  Instead, the Court was present in direct response to a motion for a protective order filed by the Defendants on December 23, 2008.  On that date, and again in a Reply

1 filed on January 20, 2009, Defendants asked the Court to enter an "order that this deposition proceed under the supervision of the Magistrate at [the] federal court building." The Court granted this motion only because the Court concluded, based on the difficulties that had arisen during the earlier sessions of Plaintiff's deposition, that, it would be necessary for the Court to be present and ready to intervene for the parties to be able to use the deposition time efficiently to explore the evidentiary underpinnings of the Plaintiff's claims.

The Court understands that defense counsel is afraid that the way the Court posed questions or interacted with Plaintiff will create an impression in a trier of fact that the Court ascribes credibility to Plaintiff's testimony or sympathizes with her alleged plight. While the Court cannot be certain how other people will interpret its actions, the Court believes that it is quite likely that objective observers will conclude that the Court was motivated only by a desire to develop a clear record and not by bias in any direction.

The Court hopes that these observations will allay defense counsel's concerns. The Court invites defense counsel, and Plaintiff, to consider these matters further. If both parties join in requesting the Court to recuse itself, it will.

//

Dated: March 30, 2009

_____
WAYNE D. BRAZIL
United States Magistrate Judge

cc: parties,
CW, WDB
with attachments