UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA MCCOLM,<br><br>    Plaintiff,<br><br>  v.<br><br>SAN FRANCISCO HOUSING AUTHORITY, et al.,<br><br>    Defendants.<br>_____/ | No. C 06-07378 CW (WDB)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL COMPLIANCE WITH COURT ORDER, TO COMPEL ADDITIONAL RESPONSES TO WRITTEN DISCOVERY, FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES, AND FOR SANCTIONS |

    Having considered the parties' completed briefing of the several motions filed by plaintiff on May 11, 2009, having given due consideration to the disclosures already made and the discovery already had in this case, as well as to the proportionality requirements imposed by Federal Rule of Civil Procedure 26, and having made a judgment about what kind of information the parties' need to litigate their disputes fairly, the Court hereby DENIES the plaintiff's motions to compel compliance with the Court's earlier discovery order, her motions to compel additional responses to her requests for documents and her interrogatories, her motion for leave to serve additional interrogatories, and her motion for sanctions (which was presented in violation of Civil Local Rule 7-8). These denials are not based on a conclusion by the Court that the motions were untimely, but on the substantive considerations that inform the pertinent federal rules.

The Court notes that, under Federal Rule of Civil Procedure 33(b)(5), "[t]he person who makes the answers [to interrogatories] must sign them, and the attorney who objects must sign any objection." Thus, if the only response to an interrogatory is an objection, the only signature required is the lawyer's. But, contrary to defense counsel's assertion, if a response includes anything in addition to an objection, the party providing the response (or, for entity parties, an agent other than its lawyer in the case) must sign the answer (thus verifying it). Given this Rule, the Court hereby **ORDERS DEFENDANTS, BY JUNE 17, 2009, TO PROPERLY VERIFY THE RESPONSES THEY HAVE SERVED TO PLAINTIFF'S INTERROGATORIES.**

No such order is appropriate with respect to defendants' responses to plaintiff's Requests for Production of Documents or Requests for Admission, as neither Rule 34 nor Rule 36 imposes a verification requirement.

Because defendants insist that they have produced all the documents that fall within the reach of this Court's Order of March 18, 2009, the Court hereby PRECLUDES DEFENDANTS FROM USING AT TRIAL OR FOR ANY OTHER PURPOSE IN THIS LITIGATION ANY DOCUMENT THAT THE DEFENSE HAS NOT, BY THIS DATE, DISCLOSED TO PLAINTIFF.

The hearing on Plaintiff's motions set for June 17, 2009, is hereby VACATED.

IT IS SO ORDERED.

Dated: June 9, 2009

WAYNE D. BRAZIL
United States Magistrate Judge